# O'Reilly *v.* Pennsylvania Railroad Company, Appellant.

*Evidence—Written contract—Contemporaneous oral agreement —Sufficiency of evidence—One witness and corroborating circumstances.*

1. There is sufficient evidence to submit to the jury and to warrant the finding that a contract was not precisely that which was contained in the writing, but that it was modified by an oral agreement, where the plaintiff testifies that it was orally agreed at and before the execution of the written contract that he would be per-

mitted to dump, on the defendant's land, certain kinds of material, besides that specified in writing, which materials he was engaged in handling at that time, and that an agent of the defendant who was a subscribing witness to the contract and who was present when the oral agreement was made, was in charge of the dumping grounds and for a number of weeks permitted the plaintiff to deposit such materials in places designated by him upon the defendant's lands where a number of defendant's employees were engaged in leveling the grounds.

*Contract—Definiteness—Breach—Damages.*

2. A contract giving the plaintiff the exclusive right to dump certain materials on defendant's land except as against the defendant, is sufficiently definite to enable plaintiff to recover damages for a breach of the contract by defendant in permitting other persons to dump upon the lands, whereby it was filled up in a very short time, since the plaintiff would be entitled to recover for the loss of the dump so far as it was actually brought about by its use by persons other than the defendant.

3. In an action for breach of a contract giving the plaintiff the exclusive right to dump certain materials on defendant's land whereby he was obliged to make longer hauls to other dumping grounds, the plaintiff should not be confined to recovery for damages on account of hauling contracts he had before the making of the contract with the defendant, but he may recover on account of hauling contracts made afterwards on the faith of the defendant's contract and before its breach.

Argued Oct. 19, 1918.   Appeal, No. 133, Oct. T., 1918, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1915, No. 1516, on verdict for plaintiff in the case of W. C. O'Reilly, Receiver of the Eagle Transfer Company, v. Pennsylvania Railroad Company, Appellant.   Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ.   Affirmed.

Assumpsit for breach of contract.   Before SHAFER, P. J.

From the record it appeared that the defendant had a piece of low ground that it desired to have filled up and entered into a written contract providing that plaintiff should have the exclusive right of dumping on this piece of ground without stating any definite length of time

except that the defendant might dump there itself and that plaintiff should dump at least 300 loads a week. The contract provided that plaintiff should pay 25 cents for each load and that the character of the material was to be earth and ashes from building excavations. The plaintiff at first hauled earth from building excavations and later materials from buildings which consisted of broken plaster, broken tile and debris from buildings which had been torn down, consisting of broken bricks, slate from roofs, tar paper and other things.

The defendant reserved the right to cancel the contract if plaintiff did not fulfil any part of the agreement. The defendant by letter cancelled the contract. Thereafter it opened up its ground to all persons desiring to dump materials at a price in excess of that fixed in the contract. The plaintiff continued to dump materials upon the grounds under protest against the higher rate. The grounds were soon filled up.

At the trial the plaintiff set up as the basis of his claim, a parol contemporaneous agreement at variance with the writing to the effect that at the time the contract was executed it was expressly agreed that the materials to be dumped upon the ground were to consist of dirt from excavations and debris from old buildings that were to be torn down and materials known as "clean up" materials from new buildings that were being built.

The injury alleged, was that the plaintiff was obliged to make longer hauls to reach other dumping grounds having more difficult places of access where he was obliged to pay higher dumping fees.

A verdict was rendered in favor of the plaintiff in the sum of $3,760.94.

The court denied motions for judgment non obstante veredicto and for a new trial in the following opinion by SHAFER, P. J.:

The action is upon a contract by which the plaintiff claims to have acquired from the defendant a right to dump earth on certain land belonging to defendant, ex-

clusive of everyone except the defendant itself, and the plaintiff's case is that after he was using the dump for some weeks he was excluded from it by the defendant allowing other persons to use it, so that the dump was filled up much sooner than it would otherwise have been. A verdict was rendered for the plaintiff for an amount measured by the greater cost to him of dumping the earth and material, which he had contracted to take away from certain buildings, in other places more distant and difficult of access than the land of the defendant.

The defendant moves for judgment non obstante veredicto claiming, for one thing, that the evidence given on the part of the plaintiff to show that the contract between himself and the defendant was not precisely that which was contained in the writing, but that it was modified by oral agreement, was not sufficient for that purpose. As to this, upon an examination of the evidence we are of opinion that there was enough to go to the jury and that the jury might well have found, as they did, that the contract was not merely that which was shown by the writing.

The other ground set up by the defendant for this motion is that the defendant itself having a right to dump as much earth as it pleased on the lands in question, the plaintiff's right to dump was not sufficiently definite to enable him to recover. The plaintiff had an exclusive right to use the land except as against the defendant itself. If the defendant in its own operations had used the dump and filled it up as rapidly as it was in fact filled up, the plaintiff would have no cause to complain, but the evidence showed the dump was rapidly filled up by the defendant throwing it open to all comers, in breach of its contract with him. It would therefore seem that the plaintiff was entitled to recover for the loss of the dump so far as it was actually brought about by its use by persons other than the defendant.

The motion for a new trial is based upon these matters and the claim that the plaintiff should have been confined

in his recovery for damages to contracts he had before the making of the contract with the defendant, and not those which he made afterwards, and before the defendant's breach, on the faith of the contract. We are of opinion that this position of the defendant cannot be sustained.

The motions for judgment non obstante veredicto and for a new trial are both refused.

*Errors assigned* were refusal of motions.    Defendant appealed.

*Joseph Finerty,* with him *Patterson, Crawford & Miller,* for appellant.—The rule is that a chancellor invariably refuses to decree on the uncorroborated testimony of a single witness: Brawdy v. Brawdy, 7 Pa. 157. The learned judge should have withdrawn the case from the jury by a binding instruction to find for the plaintiff: Juniata Building Assn. v. Hetzel, 103 Pa. 507.

The testimony of the single witness was insufficient to overcome the written contract: Thomas v. Loose, 114 Pa. 35; Jackson v. Payne, 114 Pa. 67; Jones v. Backus, 114 Pa. 120; Sylvius v. Kosek, 117 Pa. 67; Ogden v. Philadelphia & West Chester Traction Co., 202 Pa. 480; Thompson v. Schoch, 254 Pa. 585.

Profits arising from a subsequent contract which was made on the faith of the original contract are not recoverable in an action for the breach of the original contract: Clyde Coal Co. v. P. & L. E. R. R. Co., 226 Pa. 391.

*Frederic W. Miller,* for appellee.—Cited on the measure of damages: Culin v. Woodberry Glass Works, 108 Pa. 220; Wilson v. Wernwag, 217 Pa. 82.

PER CURIAM, January 4, 1919:

This judgment is affirmed on the opinion of the court below denying the motions for a new trial and for judgment non obstante veredicto.